UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-62238-SINGHAL/STRAUSS

**GILBANE BUILDING COMPANY,**

    Plaintiff,

v.

**SCHOOL BOARD OF BROWARD COUNTY,**

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Order Disclosure of Witness Statements Under Chapter 905 ("Motion") [DE 40]. I have reviewed the Motion, the briefing thereon [DE 49, 56, 58], and all other pertinent portions of the record. For the reasons discussed herein, it is **ORDERED and ADJUDGED** that the Motion [DE 40] is **DENIED without prejudice**.

"In response to the mass shooting at Marjory Stoneman Douglas High School, the Governor [of Florida] petitioned the Florida Supreme Court to impanel a statewide grand jury." *State v. Runcie*, 395 So. 3d 1070, 1071 (Fla. 4th DCA 2024). On February 25, 2019, the Florida Supreme Court entered an Order Directing Impanelment of a Statewide Grand Jury. Consequently, the Twentieth Statewide Grand Jury was impaneled. After completing its inquiry, the grand jury issued its Final Report ("Report" or "Rep.") [DE 40-1]. The Report notes that the grand jury examined more than 150 witnesses. Rep. at 2. The Motion requests that the Court "order the production of certain witness statements that support the [] Report." [DE 40] at 1. Specifically,

the Motion seeks all of the testimony of four individuals, as well as certain other testimony regarding particular topics. *See id.* at 4-5.

"Statewide grand jury proceedings are governed by the Statewide Grand Jury Act," which is found in sections 905.31-905.40 of the Florida Statutes. *In re Final Rep. of the 20th Statewide Grand Jury*, 343 So. 3d 584, 592 (Fla. 4th DCA 2022); *see also* § 905.31, Fla. Stat. However, "[t]he powers and duties of, and law applicable to, county grand juries," which are addressed in the sections of Chapter 905 that precede the Statewide Grand Jury Act, "shall apply to a statewide grand jury except when such powers, duties, and law are inconsistent with the provisions of" the Statewide Grand Jury Act. § 905.34, Fla. Stat.; *see also Final Rep. of the 20th Statewide Grand Jury*, 343 So. 3d at 592 ("Although the Statewide Grand Jury Act generally incorporates the laws applicable to county grand juries, the Act expressly excepts any such laws that 'are inconsistent with the provisions of the Act.'" (citing § 905.34) (alteration adopted)).

"There is a tradition in the United States, a tradition that is 'older than our Nation itself,' that proceedings before a grand jury shall generally remain secret." *CA Fla. Holdings, LLC v. Aronberg*, 360 So. 3d 1149, 1153 (Fla. 4th DCA 2023) (quoting *In re Petition of Craig*, 131 F.3d 99, 101 (2d Cir. 1997)); *see also State v. Pratt*, 169 So. 3d 252 (Fla. 4th DCA 2015) ("Grand jury testimony ordinarily is kept secret." (citing § 905.24, Fla. Stat.)). In fact, "[u]nless pursuant to court order" the Statewide Grand Jury Act makes it a crime for "any person" to disclose "any of the proceedings or identity of persons referred to or being investigated by the statewide grand jury." § 905.395, Fla. Stat.[1] Likewise, section 905.27 of the Florida Statutes (which applies to

---

[1] The full text of section 905.395 is as follows:

> **Unlawful acts related to disclosure of proceedings; penalty.**—Unless pursuant to court order, it is unlawful for any person knowingly to publish, broadcast, disclose, divulge, or communicate to any other person, or knowingly to cause or

2

testimony before county grand juries) makes it a crime to disclose grand jury witness testimony except when required by a court to do so for certain purposes. *See* § 905.27(1), (2), (4). Specifically, the statute provides, in pertinent part, the following:

> **Testimony not to be disclosed; exceptions.—**
> (1) Persons present or appearing during a grand jury proceeding, including a grand juror, a state attorney, an assistant state attorney, a reporter, a stenographer, or an interpreter, as well as the custodian of a grand jury record, may not disclose the testimony of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony for the purpose of:
> (a) Ascertaining whether it is consistent with the testimony given by the witness before the court;
> (b) Determining whether the witness is guilty of perjury; or
> (c) Furthering justice, which can encompass furthering a public interest when the disclosure is requested pursuant to paragraph (2)(c).
> (2) It is unlawful for any person knowingly to publish, broadcast, disclose, divulge, or communicate to any other person, or knowingly to cause or permit to be published, broadcast, disclosed, divulged, or communicated to any other person, in any manner whatsoever, any testimony of a witness examined before the grand jury, or the content, gist, or import thereof, except when such testimony is or has been disclosed in any of the following circumstances:
> . . .
> (b) When a court orders the disclosure of such testimony pursuant to subsection (1) for use in a civil case, it may be disclosed to all parties to the case and to their attorneys and by the latter to their legal associates and employees. However, the grand jury testimony afforded such persons by the court can only be used in the defense or prosecution of the civil case and for no other purpose.

§ 905.27, Fla. Stat.

Here, Plaintiff contends in the Motion that this Court should require the disclosure of the grand jury witness testimony it seeks for the purpose of "furthering justice" under § 905.27(1)(c). In its response, Defendant contends that § 905.27 does not apply here because it is inconsistent

---

permit to be published, broadcast, disclosed, divulged, or communicated to any other person outside the statewide grand jury room, any of the proceedings or identity of persons referred to or being investigated by the statewide grand jury. Any person who violates the provisions of this subsection is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

3

with § 905.395, the disclosure provision in the Statewide Grand Jury Act.  It is true, as Defendant notes, that the court in *Final Report of the 20th Statewide Grand Jury* found that § 905.27 and § 905.395 "are inconsistent regarding the permissible disclosure of grand jury proceedings in a report or presentment," and therefore, held that § 905.27 "is not applicable in statewide grand jury proceedings." 343 So. 3d at 592.  But the issue before this Court does not pertain to the disclosure of grand jury proceedings in a report or presentment.  At the same time, the court's holding in *Final Report of the 20th Statewide Grand Jury* does purport to hold, without limitation, that § 905.27 would not apply here (where *statewide* grand jury proceedings are at issue).

At any rate, even if this Court were to assume that Defendant is correct that § 905.27 does not apply here (and that only § 905.395 applies), that does not help Defendant.  Section 905.27 only permits the disclosure of grand jury testimony "under three limited circumstances: (1) to determine whether the grand jury testimony is consistent with the testimony given by the witness before the court; (2) to determine whether the witness is guilty of perjury; or (3) in furtherance of justice." *Gosciminski v. State*, 132 So. 3d 678, 707 (Fla. 2013).  Section 905.395, on the other hand, does not restrict the circumstances under which a court may order the disclosure of grand jury testimony.  It does preclude disclosure "unless pursuant to court order," but it does not indicate that courts may only order disclosure under particular circumstances.

With that said, "there is no pretrial right to inspect grand jury testimony." *Brookings v. State*, 495 So. 2d 135, 137 (Fla. 1986) (citing *Jent v. State*, 408 So. 2d 1024 (Fla. 1981)).  "In order to obtain access to such testimony, 'a proper predicate must be laid.  Mere surmise or speculation regarding possible inconsistencies in testimony is not a proper predicate.'" *Gosciminski*, 132 So. 3d at 707 (quoting *Jent*, 408 So. 2d at 1027).  In fact, the Florida Supreme Court has echoed the United States Supreme Court's determination that given "the importance of maintaining the

4

secrecy of grand jury proceedings . . . a party seeking disclosure must make a strong showing of a particularized need in order to outweigh the public interest in secrecy." *Brookings*, 495 So. 2d at 138 (citing *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983)); *see also Gosciminski*, 132 So. 3d at 707 ("[A] party must show a particularized need sufficient to justify the revelation of the generally secret grand jury proceedings." (quoting *Keen v. State*, 639 So. 2d 597, 600 (Fla. 1994)); *Whittier v. City of Sunrise*, No. 07-60476-CIV, 2007 WL 9706152, at *2 (S.D. Fla. Aug. 22, 2007). Similarly, the Eleventh Circuit has required parties seeking disclosure of federal grand jury material to "show a compelling and particularized need for disclosure." *United States v. Aisenberg*, 358 F.3d 1327, 1348 (11th Cir. 2004). To do so, the party seeking disclosure must show "circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to *specific* grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process." *Id.* at 1348-49 (citation omitted).

As a preliminary matter, before I address whether Plaintiff has established the requisite particularized need, I will address an argument that Defendant makes that this Court lacks jurisdiction to order the disclosure of the requested grand jury testimony. In making that argument, Defendant solely relies on a single non-binding federal district court decision stating that "disclosure is only allowed pursuant to an order by the state supervising court." *Mathes v. United States*, No. 88-166-CIV-FTM-17, 1992 WL 161050, at *4 (M.D. Fla. June 22, 1992). However, aside from referencing § 905.27 (a provision that Defendant contends does not apply here), *Mathes* points to no law to support its pronouncement that it must be the *state supervising court* that permits disclosure. And neither § 905.27 nor § 905.395 states that only the state supervising court has the authority to permit disclosure. Rather, § 905.27 refers to "*a* court," not a singular court or a state court or a supervising court (or even *the* court). *See* § 905.27(1), (2). Similarly, § 905.395

does not place any limitation upon this Court's authority to authorize or require disclosure; § 905.395 simply states "[u]nless pursuant to court order," without stating that such an order must issue from any particular court. Thus, Defendant's jurisdictional argument (which is not really an argument that implicates this Court's *jurisdiction*) fails.

Nonetheless, Plaintiff has failed to satisfy its burden of making "a strong showing of a particularized need in order to outweigh the public interest in secrecy." *Brookings*, 495 So. 2d at 138. Plaintiff contends that the witness statements it seeks will "further the interests of justice, including by ascertaining the inconsistencies within the School Board's allegations raised in its Affirmative Defenses and Counterclaim." [DE 40] at 2. In the Counterclaim, Defendant alleges that it contracted Plaintiff to perform certain construction activities for Defendant but that Plaintiff breached the contract between the parties by failing to timely complete its work and due to Plaintiff's inactivity. [DE 15] ¶¶ 8, 9, 22. According to Plaintiff, the witness statements it has requested "go directly to exposing factual inconsistencies, [Plaintiff's] ability to prove its claims that the [Defendant] knowingly and actively interfered with the construction of the Project, and correcting the false narrative that unfairly shifts blame onto [Plaintiff]." [DE 40] at 6. In other words, Plaintiff contends that the witness statements will show that Defendant is to blame for Plaintiff's inability to timely complete its work. *See id.* at 9 ("Disclosure of the Witness Statements would enable [Plaintiff] to substantiate its claims that the delays on the Project were a result of [Defendant] and to address the inconsistencies in [Defendant's] Counterclaims.").

I can certainly understand why Plaintiff wants the requested witness statements and how some of the testimony of those witnesses could potentially be helpful to Plaintiff. At least some

of the requested testimony also appears to be relevant, at least from a discovery standpoint.[2] But even if the Court were to assume that all of the requested testimony would otherwise be within the scope of discovery, Plaintiff has not established a compelling or particularized need – at least at this stage – to lift "the veil of secrecy from the grand jury." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979). At a minimum, Plaintiff needs to conduct other discovery, including by taking the depositions of *at least* the four individuals identified in the Motion, before this Court will consider requiring the disclosure of any of the grand jury testimony.[3] Even then, Plaintiff will need to do more to convince the Court that the deposition testimony of those individuals (and the other discovery available to Plaintiff) is not enough and that the Court should order disclosure of the grand jury testimony. Moreover, if Plaintiff does renew its request after pursuing other discovery, its request must be more limited. For instance, it is unlikely that the Court will require disclosure of *all* of the grand jury testimony of any particular individual. Take Mr. Runcie (the former superintendent) for example. Even if Plaintiff can establish a particularized need for some of his grand jury testimony, Plaintiff will not be able to establish a particularized need for Mr. Runcie's testimony on topics not directly relevant to this case. So, if Plaintiff renews

---

[2] Defendant's argument that none of the discovery sought is relevant (for discovery purposes) is without merit. And Defendant's evidentiary objections (*e.g.*, arguments based on Fed. R. Evid. 403) are not proper discovery objections. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

[3] *Cf. Whittier*, 2007 WL 9706152, at *3 ("Significantly, this is not a situation in which grand jury secrecy effectively denies Plaintiff critical information. Like any other civil litigant, Plaintiff has available to her the full panoply of discovery devices provided by the Federal Rules of Civil Procedure. These Rules – and the liberal discovery they authorize – enable her to acquire all the information that she will need to adequately prepare and prosecute her claims.").

its request in the future (if appropriate), it must further limit its request and do more to establish a particularized need.[4]

For the foregoing reasons, the Motion [DE 40] is **DENIED without prejudice.**

**DONE AND ORDERED** in Fort Lauderdale, Florida this 5th day of June 2025.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[4] Additionally, from a procedural standpoint, Plaintiff would likely need to serve a subpoena on the custodian of the grand jury record (the Clerk of the Florida Supreme Court) and only seek Court intervention after receiving objections to the subpoena.  Also, Plaintiff should begin pursuing necessary discovery without delay.  If Plaintiff renews its request for disclosure after pursuing other discovery, it will need to ensure that it tees the issue up for Court intervention sufficiently in advance of the discovery deadline.