UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-62238-SINGHAL/STRAUSS

**GILBANE BUILDING COMPANY,**

    Plaintiff,

v.

**SCHOOL BOARD OF BROWARD COUNTY,**

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Compliant Privilege Log ("Motion") [DE 44]. I have reviewed the Motion, Defendant's response thereto [DE 52], and all other pertinent portions of the record.

Plaintiff contends that despite Defendant revising its privilege log (which claims various emails are privileged) related to Plaintiff's First Request for Production several times, the most recent iteration of Defendant's privilege log, [DE 44-2] at 2-13, remains deficient. A party that "withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material" must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). A party's privilege log must contain at least the following information for documents and emails: (1) general subject matter; (2) date; and (3) "such other information as is sufficient to identify the document or [email] for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document or

[email], and, where not apparent, the relationship of the author, addressee, and any other recipient to each other." S.D. Fla. L.R. 26.1(e)(2)(B)(ii)(a).

Here, Plaintiff requests that Defendant be required to: (1) provide email addresses for senders and recipients; (2) identify the relationship between sender/recipient and the parties; (3) log emails and attachments separately (rather than, in at least certain instances, logging email strings spanning weeks in a single entry); (4) provide additional information regarding the subject matter of the emails; and (5) identify the date Defendant anticipated "imminent" litigation under § 119.071(1)(d), Fla. Stat. I agree that Defendant must serve an amended privilege log with additional information (as described below), though not everything that Plaintiff is requesting.

First, Defendant need not provide email addresses. The rules do not require such information, and Plaintiff points to no law to support its request to compel Defendant to provide email addresses in Defendant's privilege log. Nor do I see why email addresses are necessary for Plaintiff to be able to evaluate Defendant's assertion of privilege (particularly given the other information Defendant will need to provide).

Second, regarding the identification of relationships, it is appropriate for Defendant to provide information regarding the senders and recipients where Plaintiff does not know or cannot easily ascertain the role of an individual. But I will not require Defendant to provide such information for every single individual. After all, Plaintiff's requests for production show that Plaintiff clearly knows who several individuals are. *See, e.g.*, [DE 44-1] at p. 5, No. 1 (noting the roles of Thomas Cooney and Stephen Starke). Therefore, Plaintiff may provide Defendant with a list of senders and recipients whose role Plaintiff is unaware of and cannot easily ascertain. Upon receiving any such list, Defendant shall briefly identify who each individual is within **7 days**.

Third, regarding the logging of emails and attachments separately, it may be appropriate in certain circumstances to log a string of emails in one entry, and it may be inappropriate in other circumstances. However, I cannot presently evaluate whether it is appropriate here in some or all places Defendant has done so. That is largely because, as discussed below, Defendant must provide better subject-matter descriptions first (including for attachments to emails). After doing so, if the subject matter is exactly the same for every email in an email string, logging the string as one entry may be appropriate. But first, Defendant needs to provide better descriptions. And second, before running back to the Court (if any disputes remain), the parties will need to do a better job exploring and talking through the issues for each individual privilege log entry in dispute.

Fourth, regarding the date Defendant anticipated imminent litigation, Defendant's response makes clear that the date, in Defendant's view, was around September 2022 (which precedes the date of all of the emails on Defendant's privilege log). Although the parties dispute as a legal matter whether Defendant could have anticipated imminent litigation two years before this case was filed (in November 2024), the Motion simply requests that the Court require Defendant to identify the date it anticipated imminent civil litigation. Defendant has done that. Therefore, Plaintiff's request to require Defendant to identify that date is denied as moot.[1]

That leaves the largest dispute – whether Defendant must provide additional information regarding the subject matter of each email. Plaintiff contends that the information Defendant has provided is insufficient to assess whether the claimed privileges apply. Defendant responds that it provided "**verbatim** the exact 'RE' or 'subject line' for each email marked as privileged," that it "struggles to see how including the exact 'RE' line is not sufficient to describe the subject matter

---

[1] If Plaintiff chooses to contest Defendant's anticipated imminent litigation date, the parties will need to further explore the issue with each other before seeking Court intervention.

of the emails," and that requiring Defendant "to divulge any further information as to the specific subject matter of those conversations contained in the emails themselves, would necessarily require [Defendant] to divulge privileged information." [DE 52] at 5.

"The person invoking the attorney-client privilege has the burden of establishing (1) the existence of an attorney-client relationship and (2) the confidential nature of the information sought." *United States v. Moore, Ingram, Johnson & Steele, LLP*, No. 21-10341, 2022 WL 3134374, at *3 (11th Cir. Aug. 5, 2022) (quoting *In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir. 1987)) (alteration adopted). "And 'the purpose of requiring a privilege log is to enable the parties to assess a claim of privilege.'" *Id.* (quoting *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1328 n.3 (11th Cir. 2020)) (alteration adopted). "That assessment cannot be made if a party makes a generic assertion of privilege, effectively saying to its opponent and the court: trust us, these documents are all privileged." *Id.*

I agree with Plaintiff that Defendant's privilege log fails to "describe the nature of the" emails and attachments "in a manner that . . . will enable [Plaintiff] to assess the claim" of privilege. Fed. R. Civ. P. 26(b)(5)(A)(ii). Most (if not all) entries fail to contain a description that allows for an adequate assessment of the privilege claimed. For instance, the description for the first entry on the privilege log merely states "RE: Stranahan High School – Division 15 Balance." [DE 44-2] at 3. That description falls woefully short of establishing the confidential nature of the email. The email may very well be privileged. After all, one of the recipients is Defendant's litigation counsel in this case. But the description in the privilege log is plainly inadequate. As a second example, the second entry in the privilege log states "RE: Stranahan HS AECOM Evaluation of termination claim." *Id.* That description seemingly does a bit more to indicate the possibility that the entry is privileged, but more is needed for Defendant to satisfy its burden. Defendant can surely provide

additional information regarding the nature of the emails and attachments on the privilege log without revealing privileged information.  By **June 13, 2025**, Defendant shall provide an amended privilege log to Plaintiff that contains descriptions that are sufficient to allow Plaintiff to assess Defendant's assertions of privilege.  And before either party seeks further court intervention (if necessary), the parties will need to better confer regarding disputes.  For instance, if any disputes remain after Defendant serves an amended privilege log, counsel will need to discuss each and every privilege log entry at issue individually before seeking court intervention.[2]

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Motion [DE 44] is **GRANTED IN PART and DENIED IN PART**, as set forth above.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 6th day of June 2025.

Jared M. Strauss
United States Magistrate Judge

---

[2] I note that Defendant said it would gladly submit the items on the privilege log for an *in camera* review, but "the Court declines any invitation . . . to conduct an *in camera* review until the threshold requirement of preparing a[n] [adequate] privilege log is met." *Peter Coppola Beauty, LLC v. Casaro Labs, Ltd.*, No. 14-81488-CIV, 2015 WL 13946140, at *1 (S.D. Fla. July 28, 2015). The parties need to do their part first, with Defendant doing enough to attempt to establish the claimed privileges and Plaintiff then circling back with Defendant to adequately explore and discuss any remaining issues on an entry-by-entry basis.  *Cf. Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1289 n.4 (S.D. Fla. 2012) ("[I]t is wise for the Court to not consider an *in camera* review until the party asserting privilege has done all that it reasonably could to establish privilege.").